IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**KATHY A. OWENS**                                                                                      **PLAINTIFF**

V.                                    CASE NO. 4:21-CV-00472 BRW-JTK

**KILOLO KIJAKAZI, ACTING COMMISSIONER OF
SOCIAL SECURITY ADMINSTRATION**[1]                                           **DEFENDANT**

**RECOMMENDED DISPOSITION**

**I.     Procedures for filing Objections:**

This Recommended Disposition ("Recommendation") has been sent to District Judge Billy Roy Wilson. Either party may file written objections to this Recommendation. If objections are filed, they should be specific and should include the factual or legal basis for the objection.

To be considered, objections must be received in the office of the Court Clerk within fourteen (14) days of this Recommendation. If no objections are filed, Judge Wilson can adopt this Recommendation without independently reviewing the record. By not objecting, parties may also waive the right to appeal questions of fact.

**II.    Introduction:**

The following discussion will show that Plaintiff, Kathy A. Owens, had impairments that responded well to conservative treatment modalities, she had generally normal clinical examinations, and she retained the ability to perform many daily activities. These factors lend support to the Administrative Law Judge's (ALJ) decision to deny Owens's application for disability benefits.

Owens applied for Title II disability benefits on April 2, 2019. (Tr. at 10). She also applied

---

[1] On July 9, 2021, Kilolo Kijakazi became the Acting Commissioner of the Social Security Administration and is substituted as the Defendant in this action. Fed. R. Civ. P. 25(d).

for Title XVI supplemental security income on March 14, 2019. *Id*. In both applications, Owens alleged that her disability began on July 1, 2018. *Id*. The applications were denied initially and upon reconsideration. *Id*. After conducting a hearing, the ALJ denied Owens's claim. (Tr. at 21). The Appeals Council denied her request for review. (Tr. at 1). The ALJ's decision now stands as the final decision of the Commissioner, and Owens has requested judicial review. For the reasons stated below, the Court should affirm the decision of the Commissioner.

### III.  **The Commissioner's Decision:**

The ALJ found that Owens had not engaged in substantial gainful activity since the alleged onset date of July 1, 2018, (although Owens testified that she worked at Dollar General for at least six months in 2018 and 2019).[2] (Tr. at 12, 29). The ALJ found, at Step Two, that Owens has the following severe impairments: obesity, hypertension, edema, cervicalgia, spondylosis, fibromyalgia, heart disease, and osteoarthritis. 20 C.F.R. §§ 404.1520(c) and 416.920(c); (Tr. at 13).

At Step Three, the ALJ determined that Owens's impairments did not meet or equal a listed impairment. (Tr. at 14). Before proceeding to Step Four, the ALJ determined that Owens had the residual functional capacity ("RFC") to perform work at the medium exertional level, except that she could only occasionally climb and only frequently balance, stoop, kneel, crouch, and crawl. (Tr. at 15).

At Step Four, the ALJ found that Owens was unable to perform any past relevant work.

---

[2] The ALJ followed the required five-step sequence to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy. 20 C.F.R. §§ 404.1520(a)-(g), 416.920(a)-(g).

(Tr. at 19). Relying upon the testimony of a Vocational Expert ("VE"), the ALJ determined that, based on Owens's age, education, work experience, and RFC, there were jobs in the national economy that she could perform. (Tr. at 20-21). Therefore, the ALJ found that Owens was not disabled. *Id*.

IV. **Discussion**:

    A.   Standard of Review

The Court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and whether it is based on legal error. *Miller v. Colvin*, 784 F.3d 472, 477 (8th Cir. 2015); *see also* 42 U.S.C. § 405(g). While "substantial evidence" is that which a reasonable mind might accept as adequate to support a conclusion, "substantial evidence on the record as a whole" requires a court to engage in a more scrutinizing analysis:

> "[O]ur review is more than an examination of the record for the existence of substantial evidence in support of the Commissioner's decision; we also take into account whatever in the record fairly detracts from that decision." Reversal is not warranted, however, "merely because substantial evidence would have supported an opposite decision."

*Reed v. Barnhart*, 399 F.3d 917, 920 (8th Cir. 2005) (citations omitted).

In clarifying the "substantial evidence" standard applicable to review of administrative decisions, the Supreme Court has explained: "And whatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high. Substantial evidence . . . 'is more than a mere scintilla.'" *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (quoting *Consolidated Edison Co. v. NLRB*, 59 S. Ct. 206, 217 (1938)). "It means—and means only—'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Id*.

It is not the task of this Court to review the evidence and make an independent decision. Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts his findings. The test is whether there is substantial evidence in the record as a whole which supports the decision of the ALJ. *Miller*, 784 F.3d at 477.

B. Owens's Arguments on Appeal

Owens argues that the evidence supporting the ALJ's decision to deny benefits is less than substantial. She contends that: (1) the ALJ failed to fully develop the record; (2) the ALJ did not properly evaluate Owens's impairments at Step Two; (3) the ALJ failed to fairly consider Owens's subjective complaints; and (4) the RFC did not fully incorporate Owens's limitations.

Owens complained of general body pain related to fibromyalgia, back and hip problems, swelling in her legs, and cardiac issues. (Tr. at 29-40). She said she took naps at lot, could not walk very far, and had to elevate her legs throughout the day. *Id*. However, Owens also testified that she could fix simple meals, do some chores, and take care of personal needs. *Id*. She also said she could drive, shop, socialize, and manage finances.[3] *Id*., Tr. at 69. Physical examinations throughout the relevant-time period were generally normal, or revealed no more than mild conditions.[4] (Tr. at 16-18, 356-370, 435-452, 473-494). In 2019, Owens's cardiologist observed that hypertension was controlled, stress-induced cardiomyopathy and tachycardia had resolved, and coronary artery disease was stable. (Tr. at 17-18, 356, 464). Echocardiograms were grossly normal and edema was not listed as a complaint in records from October 2019 through July 2020.

---

[3] Such daily activities undermine her claims of disability. *Edwards v. Barnhart*, 314 F.3d 964, 967 (8th Cir. 2003).

[4] Objective tests showing mild-to-moderate conditions do not support a finding of disability. *Masterson v. Barnhart*, 363 F.3d 731, 738-39 (8th Cir. 2004).

4

(Tr. at 17-18, 333, 456). Finally, in January 2020, Owens's cardiologist said that she was doing really well. (Tr. at 464).

Owens also alleged that she had difficulty with anxiety, but she never sought specialized psychiatric care. (Tr. at 38).[5] Only her PCP, Scott Kuykendall, M.D., prescribed anxiety and depression medications, not a psychiatrist. *Id*. Throughout the medical history, physical symptoms were the main complaints, rather than mental issues. Owens did not require inpatient psychiatric hospitalization. Thus, the ALJ properly found that anxiety was a non-severe impairment at Step Two.[6] (Tr. at 13). Owens had relatively little treatment for psychiatric problems and there was no credible evidence that mental issues significantly impacted her functional abilities.[7]

Owens alleges that the ALJ did not fully develop the record, because he did not order any consultative examinations.[8] The ALJ considered the record in full; he discussed multiple clinical findings from the relevant-time period. (Tr. at 15-20). He also discussed the necessary opinion evidence. *Id*. The ALJ considered the opinion of one-time examiner Garry Stewart M.D., who

---

[5] The failure to seek regular and continuing treatment contradicts allegations of disability. See *Gwathney v. Chater*, 104 F.3d 1043, 1045 (8th Cir. 1997).

[6] The Disability Determination Services psychiatric experts found that Owens had no medically determinable mental impairment. (Tr. at 67, 85).

[7] Dr. Kuykendall issued two opinions that said that Owens would have serious problems with mental workplace functions, but these were not compelling, in light of the evidence cited hereinabove. (Tr. at 448, 539). The ALJ did not discuss the two opinions, nor was he required to.

[8] An ALJ does have a basic duty to develop a reasonably complete record. *Clark v. Shalala*, 28 F.3d 828, 830-831 (8th Cir. 1994). However, it is well-settled that a claimant has the burden of proving her disability; the ALJ does not have to play counsel for the claimant and the ALJ's duty to develop is not never-ending. *McCoy v. Astrue*, 648 F.3d 605, 612 (8th Cir. 2011). The ALJ is required to recontact a treating or consulting physician or order further testing only if the medical records presented do not provide sufficient evidence to make a decision on disability. *Martise v. Astrue*, 641 F.3d 909, 926-7 (8th Cir. 2011).

stated that Owens had no physical limitations that prevented her from participating in the workforce. (Tr. at 19, 423-428). While Dr. Kuykendall opined that Owens was severely limited physically, that is inconsistent with generally normal examinations, improvement in condition over time, and Owens's admitted ability to perform daily activities. (Tr. at 19, 485-486, 540-542). There were no critical issues that required further development; the record as it stands presents a complete picture of Owens's health and abilities.

While Owens claims that the ALJ did not properly consider her subjective complaints, she is incorrect.[9] The ALJ did discuss her daily activities, objective findings, medical opinions, medications, response to treatment, and the nature of Owens's pain. (Tr. at 15-19). Based on these factors, he found that Owens's claims that she was totally disabled were unsupported. *Id*. This finding was proper, based on the evidence in the record as a whole.

Finally, the RFC properly incorporated Owens limitations.[10] Again, examinations were generally normal, conservative treatment was overall successful (with corresponding stabilization of symptoms), and Owens could perform a variety of daily activities in line with the RFC for medium exertional work.

---

[9] When evaluating a claimant's subjective complaints of pain, the ALJ must consider objective medical evidence, the claimant's work history, and other evidence relating to (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the claimant's functional restrictions. See *Schwandt v. Berryhill*, 926 F.3d 1004, 1012 (8th Cir. 2019).

[10] A claimant's RFC represents the most he can do despite the combined effects of all of his credible limitations and must be based on all credible evidence. *McCoy v. Astrue*, 648 F.3d 605, 614 (8th Cir. 2011). An ALJ is not required to include limitations in the RFC that are not supported by the evidence in the record. *McGeorge v. Barnhart*, 321 F.3d 766, 769 (8th Cir. 2003).

## V. Conclusion:

There is substantial evidence to support the Commissioner's decision to deny benefits. The record was fully developed, the ALJ did not err at Step Two, the ALJ fairly considered Owens's subjective complaints, and the RFC incorporated Owens's credible limitations. The finding that Owens was not disabled within the meaning of the Social Security Act, therefore, should be affirmed. The case should be dismissed, with prejudice.

IT IS SO ORDERED this 31st day of May, 2022.

_____
UNITED STATES MAGISTRATE JUDGE